UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **The Bank** | Docket no. 6:20-cv-00956 |
| **Versus** | Judge Robert R Summerhays |
| **USAA General Indemnity Co** | Magistrate Judge Carol B Whitehurst |

## REPORT AND RECOMMENDATION

Before the undersigned, on referral from the district judge, is a Motion to Remand filed by Plaintiff, The Bank [Rec. Doc. 7] and Defendant, USAA General Indemnity Company's ("USAA"), Opposition thereto [Rec. Doc. 14]. For the reasons that follow, the undersign recommends that the Motion be denied.

### I.  BACKGROUND

This suit concerns an insurance claim to recover for fire damage to a house in Lafayette, Louisiana owned by Darryl Keith Thibodeaux ("Thibodeaux") and insured by USAA ("the Policy"). Plaintiff, The Bank, is the mortgage holder and the mortgagee covered by the Policy. The lawsuit named USAA and Thibodeaux as defendants. Plaintiff's Petition states that Thibodeaux "is a party in interest" and was not served with the Petition. *R. 1-1, ¶3*. USAA removed the action to this Court contending that Thibodeaux was improperly joined as a defendant because payment

1

under a contract of insurance, does not require the involvement or consent of Thibodeaux. Thus, the Petition does not and can not seek any relief whatsoever against him.

## II. IMPROPER JOINDER STANDARD

Congress has provided a statutory framework for removal of certain cases where there is diversity of citizenship. Those statutes have been interpreted by the courts to require complete diversity; jurisdiction is lacking if any defendant is a citizen of the same state as any plaintiff. Improper joinder[1] is an exception to the complete diversity rule. When a party is improperly joined, its citizenship is not considered in the complete diversity calculation. *See Kemp v. CTL Distribution, Inc.*, 440 F. App'x 240, 248 (5th Cir.2011); *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 313 (5th Cir.2005). When a removing party alleges jurisdiction on the basis that non-diverse parties have been improperly joined, the removing party must bear the burden of proving improper joinder. *Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98, 100 (5th Cir. 1990).

In the Fifth Circuit, there are two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts or (2) inability of the plaintiff to establish

---

[1] In *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d at 571 n. 1, the Fifth Circuit adopted the term "improper joinder" as a substitute for the term "fraudulent joinder," which was used previously, stating that "[a]lthough there is no substantive difference between the two terms, 'improper joinder' is preferred."

2

a cause of action against the non-diverse party in state court. Only the second way is at issue in this case. The second test asks whether the defendant has demonstrated there is no reasonable basis for the district court to predict the plaintiff might be able to recover against the in-state defendant. *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 573 (5th Cir.2004) (*en banc*); *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003). A determination of improper joinder must be based on an analysis of the causes of action alleged in the petition at the time of removal. *Lassberg v. Bank of Am., N.A.*, 660 F. App'x 262, 266 (5th Cir. 2016).

A non-diverse defendant is improperly joined if the removing defendant establishes that (1) the plaintiff has stated a claim against a defendant that he fraudulently alleges is non-diverse, or (2) the plaintiff has not stated a claim against a defendant that he properly alleges is non-diverse. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016). The parties do not contest that Thibodeaux is a Louisiana citizen; therefore, the issue at hand is whether Plaintiff has stated a claim against him.

To prove that a plaintiff has not stated a claim against a non-diverse defendant, the removing defendant must demonstrate that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against" the non-

diverse defendant. *Smallwood*, 385 F.3d at 573. In resolving this issue, the court in most instances will conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. *Id*. If a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. *See id*. In undertaking the improper-joinder analysis, federal courts must apply federal, not state, pleading standards. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd*., 818 F.3d 193, 208 (5th Cir. 2016).

### III. ANALYSIS

In the motion to remand, Plaintiff contends that it "believes" Thibodeaux is an "indispensable party" under La. C.C.P. article 641. An indispensable party is one "whose interests in the subject matter are so interrelated that a complete and equitable adjudication of the controversy cannot be made unless they are joined in the action.... a party is indispensable only when the facts clearly establish that no complete and equitable adjudication of the controversy can be made in his absence." *Carr Stone, Inc. v. Shad*, 2018 WL 6716971, at *5 (La.App. 1 Cir., 2018). In support, The Bank states that Thibodeaux "*could* have claims as to the same insurance proceeds asserted by The Bank." *Id. at p. 2 (emphasis added)*. It explains, however,

that in actuality it is "simply trying to insure that if it is successful in its litigation, that it will not be stymied by the check being issued in the name of both [ ] Thibodeaux and The Bank." *R. 8, p. 3*. In other words, Thibodeaux has been added as a defendant to assure that "any recovery [would] be paid solely to The Bank by USAA, without the named insured being listed on the check."

In its Opposition, USAA denies that such reasoning could possibly make Thibodeaux an "indispensable party." USAA contends that The Bank is trying to create "reverse interpleader" which has no basis in law. It asserts that The Bank's exhibits attached to its motion fail to provide support for its allegation that Thibodeaux should be named in this lawsuit. In essence, his exhibit concerns a named insured on the check who either would not sign the claim check or could not be found to sign it. The Bank's Petition makes no such allegation as to Thibodeaux. Instead, USAA points out that Paragraph 13 of The Bank's Petition states that "pursuant to the policy of insurance issued by USAA and the Mortgage executed by Darryl Keith Thibodeaux, The Bank is entitled to make an independent claim under the policy of insurance issued by USAA." *R. 1.1, ¶ 13*. USAA does not dispute that The Bank is entitled to make its own claim independent of Thibodeaux. Also, there is no allegation of a dispute between The Bank and Thibodeaux regarding payment

5

of claims. Accordingly, the Court finds that Thibodeaux is not an "indispensable party" in this action. The Bank has failed to state a claim against Thibodeaux.

## IV. CONCLUSION

For the foregoing reasons, the undersigned recommends that Plaintiff's Motion to Remand [Rec. Doc. 7] be denied and that defendant, Thibodeaux, be dismissed with prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds

of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

Signed at Lafayette, Louisiana, on this 13th day of November, 2020.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE